**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SIONYX, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:24-CV-00408-JRG |
| SAMSUNG ELECTRONICS, CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

## I.    INTRODUCTION

Before the Court is the Motion to Stay This Action Pending Final Disposition of Related Claims Asserted in a Proceeding Before the United States International Trade Commission (the "Motion to Stay") (Dkt. No. 9) and the Motion to Consolidate this Action with Related Action 2:24-CV-00291-JRG (the "Motion to Consolidate") (Dkt. No. 10) filed by Defendants Samsung Electronics, Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung"). Having considered the Motion to Stay and the Motion to Consolidate, and the related briefing, the Court finds that both motions should be and hereby are **DENIED**.

## II.    BACKGROUND

On April 30, 2024, Plaintiff SiOnyx, LLC ("SiOnyx") filed a patent infringement lawsuit against Defendants, asserting infringement of U.S. Patent Nos. 9,064,764; 9,905,599; 10,224,359; 11,721,714; 11,069,737 (the "'737 Patent"); and 10,347,682 (the "'682 Patent"). *SiOnyx, LLC v. Samsung Electronics, Co., Ltd. et al.*, 2:24-cv-00291-JRG, Dkt. No. 1 (E.D. Tex. Apr. 30, 2024) (the "-291 Action"). On the same day, SiOnyx filed an ITC complaint against Samsung, alleging

infringement of five of the six patents SiOnyx originally asserted in the -291 Action. *In the matter of Certain Sensors with Pixels and Products Containing the Same,* Inv. No. 337-TA-1403 ("ITC Proceeding"). SiOnyx did not include the '682 Patent in the ITC complaint. (*Id.*) The ITC instituted the ITC Proceeding on May 31, 2024. (*Id.*)[1]

Following institution of the ITC Proceeding, on June 3, 2024, SiOnyx filed its First Amended Complaint in the -291 Action, dropping its infringement claims for the '682 Patent. (-291 Action at Dkt. No. 4.) On the same day, SiOnyx filed its patent infringement complaint in the above-captioned case, asserting infringement of only the '682 Patent. (Dkt. No. 1.)

Samsung moves to (1) stay this case in its entirety pending the outcome of the ITC Proceeding and (2) consolidate the above-captioned case with the -291 Action. (Dkt. Nos. 9, 10.)

III.      **LEGAL STANDARD**

When parties in a civil action are also parties to an ITC proceeding, a district court shall, "at the request of a party to the civil action that is also a respondent in the proceeding before the" ITC, stay overlapping claims in the civil action "until the determination of the Commission becomes final." 28 U.S.C. § 1659(a). For non-overlapping claims, the Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)).

---

[1] On July 3, 2023, the Court stayed the -291 Action pending final disposition of the ITC investigation under Section 1659(a). (-291 Action at Dkt. No. 10.)

In deciding whether to grant a request for a stay, the Court considers (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Black Hills Media, LLC v. Samsung Elecs. Co. Ltd.*, 2014 WL 12951780, at *1 (E.D. Tex. Mar. 17, 2014); *Promethean Inc. v. eInstruction Corp.*, 2010 WL 11629212, at *2 (E.D. Tex. Nov. 30, 2010). Some courts also consider the inequity or hardship a party may suffer in being required to go forward. *See, e.g.*, *Kirsch Rsch. and Dev. LLC v. DuPont de Nemours, Inc. et al.*, 5:20-cv-00057, Dkt. No. 60 (E.D. Tex. Aug. 11, 2020).

## IV.      DISCUSSION

### A.      Motion to Stay Pursuant to the Court's Inherent Authority

Samsung first argues that the Court should use its inherent authority to stay this case simply because of SiOnyx's "gamesmanship" in dropping the '682 Patent from the -291 Action and filing this separate action. (Dkt. No. 9 at 6.) Samsung argues that SiOnyx is attempting to manufacture the appearance of two separate cases to persuade the Court not to exercise its discretion. (*Id.* at 6-8.) SiOnyx responds that its complaint in the -291 Action is irrelevant to whether the Court should exercise its discretion because Samsung only had a right to stay SiOnyx's claims for the patents at issue in the ITC proceeding. (Dkt. No. 15 at 1; *see also* Dkt. No. 11 at 2-3.) SiOnyx contends that it amended the complaint in the -291 Action and separately asserted the '682 Patent in this case to promote efficiency and avoid the possibility that the Court would bifurcate the -291 Action. (Dkt. No. 15 at 1.)

The Court agrees with SiOnyx that the original complaint in the -291 Action is irrelevant to whether the Court should exercise its discretion to stay this case. While the Court agrees that SiOnyx filed its ITC complaint knowing that it would effectively guarantee a stay of five asserted patents in the -291 Action, the Court recognizes that SiOnyx amended the complaint in the -291

Action and pursued its '682 Patent claims in this separate case. Based on SiOnyx's decision, Samsung bears the burden of showing that staying the '682 Patent claims is appropriate under the Court's inherent authority.

      **1.**    **Whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party**

Turning to the relevant factors, Samsung first argues that a stay of SiOnyx's '682 Patent claims would not unduly prejudice or present a clear tactical disadvantage to SiOnyx because SiOnyx brought these circumstances upon itself through its tactical actions. (Dkt. No. 9 at 9.) SiOnyx responds that a delay would unduly prejudice SiOnyx's rights to enforce the '682 Patent. (Dkt. No. 11 at 6.) Specifically, SiOnyx contends that this case is likely to be tried in late 2025 and the ITC Proceeding is scheduled to reach a determination in November 2025 at the earliest. (Dkt. No. 11 at 6-7.)[2] SiOnyx contends that setting aside any potential delays, the ITC Proceeding will not reach a final resolution, after any appeal, until as early 2027, after which SiOnyx can begin enforcing its rights in the '682 Patent. (*Id.*) In its reply, Samsung argues that "a mere delay is not a cognizable prejudice." (Dkt. No. 13 at 4.)

SiOnyx's interest in enforcing its '682 Patent claims will be prejudiced by the delay of a stay, particularly, whereas, here, the proposed stay does not serve to meaningfully simplify any issues. (*See infra* IV.A.2.) As SiOnyx demonstrates, relying on publicly available data, it may take over two and a half *years* for the parties to reach a final resolution of the ITC Proceeding. (Dkt. No. 11 at 7.) Further, if the losing party in the ITC Proceeding chooses to appeal to the Federal Circuit, SiOnyx will have to wait additional time—potentially adding years to the duration of the ITC Proceeding—before pursuing its '682 Patent claims. Simply put, a stay pending resolution of

---

[2] This case does not have a trial date set at this time. Obviously, SiOnyx used publicly available resources to estimate the deadlines in the three proceedings. (*See* Dkt. No. 11 at 7.)

SiOnyx's claims before the ITC will likely last a considerable time and preclude SiOnyx from expeditiously asserting its rights under the '682 Patent.

Accordingly, the Court finds that such prejudice to SiOnyx weighs against a stay.

### 2. Whether a stay will simplify the issues in question and trial of the case

Samsung argues that a stay would enable the Court to adjudicate the '682 Patent and '737 Patent at the same time. (Dkt. No. 9 at 10-11.) Samsung contends that adjudicating these two patents together would enable efficient and coordinated treatment of issues that are common to both patents since the '737 Patent is a continuation of the '682 Patent. (*Id.* at 11.) Samsung also argues that allowing the parties to proceed with discovery and case strategy in the ITC Proceeding would facilitate and streamline the later district court litigation. (*Id.* at 11-12.)

SiOnyx responds that a stay will not simplify the issues because the ITC Proceeding will not address the '682 Patent. (Dkt. No. 11 at 4.) SiOnyx argues that even if the ITC considers issues related to the '682 Patent, the ITC's decisions have no preclusive effect in this case. (*Id.*) SiOnyx also argues that the ITC Proceeding will have no bearing on this case because the '682 Patent and '737 Patent claim different inventions—maintaining that the '682 Patent claims narrower subject matter—distinguishing the accused products in the ITC Proceeding and this case.[3] (Dkt. No. 11 at 5-6.) SiOnyx contends that its products practice the '737 Patent—as well as the other patents in the -291 Action—but do not practice the '682 Patent, which is why SiOnyx could not include the '682 Patent in the ITC Proceeding and amended the complaint in the -291 Action to remove the '682 Patent and filed this separate action. (*Id.*)

In its reply, Samsung argues that SiOnyx's "nearly identical" infringement allegations support its contention that there are numerous commonalities between the '682 Patent and '737

---

[3] The ITC Proceeding is currently limited to smartphones and tablets, whereas the accused products in the present case also include standalone sensors. (*Id.* at 11; *see also* Dkt. No. 13 at 3-4.)

Patent that would simplify issues in this case. (Dkt. No. 13 at 1-2.) Samsung also argues that while the ITC Proceeding does not have a preclusive effect, it would be persuasive to the parties for the district court litigation. (*Id.* at 3.)

As an initial matter, the Court agrees that the ITC Proceeding has no preclusive effect on SiOnyx's actions before this Court. *See, e.g., Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) ("ITC decisions are not binding on district courts in subsequent cases brought before them"). Therefore, the notion that the decision in the ITC Proceeding will involve common issues is entirely speculative. Samsung also assumes the parties would agree not to dispute anew any of the ITC's findings in this Court, which the parties are entitled to do as a matter of law.

While the Court acknowledges that the '737 Patent is a continuation of the '682 Patent and both patents share a common specification, the claims of these patents are not identical. There are several divergent issues between these actions. For example, the accused products in this action are not limited to the accused products in the ITC Proceeding. This action involves questions of damages that are not present in the ITC Proceeding. The ITC Proceeding involves questions of domestic industry and remedies that are inapplicable here. Further, the ITC's determinations with respect to infringement and invalidity issues are not likely to inform this Court's analysis of the infringement claims relating to the '682 Patent.

Accordingly, the Court finds that this factor disfavors a stay.

### 3.      Whether discovery is complete and whether a trial date has been set

It is undisputed that this case is in its early stages. SiOnyx filed the Complaint on June 3, 2024. (Dkt. No. 1.) Samsung's response to the Complaint is September 5, 2024. (Dkt. No. 5.) The Court has not set a case management conference or issued a scheduling order. The early stage of this case favors a stay.

####                     4.        Hardship from moving forward

Samsung argues that it will suffer prejudice if the Court denies the Motion to Stay because Samsung would have to litigate common issues concerning the '682 Patent and '737 Patent three separate times. (Dkt. No. 9 at 10.) SiOnyx argues that Samsung chose to stay the -291 Action under Section 1659 despite the risk that the Court would not stay SiOnyx's '682 Patent claims. (Dkt. No. 11 at 10.) SiOnyx also argues that a discovery cross-use agreement will limit the alleged increased burden and inefficiency. (*Id.* at 10-12.)

The Court disagrees with Samsung. (Dkt. No. 9 at 10.) Samsung's point is necessarily speculative. The '682 Patent claims are not at issue in the ITC Proceeding. While the '773 Patent is a continuation of the '682 Patent, the ITC cannot resolve any issue with respect to Samsung's alleged infringement of the '682 Patent. Further, the Court is persuaded that discovery cross-use will reduce the risk of any duplicative discovery between this case and the ITC Proceeding. Accordingly, if the Court were to consider the potential hardship on Samsung, the prejudice Samsung alleges does not warrant a stay.

In balancing these factors, the Court finds that Samsung has failed to meet its burden to demonstrate that a stay is appropriate in this case.

### B.    Motion to Consolidate

Under Rule 42, a court may consolidate separate "actions involving a common question of law or fact" pending before it. Fed. R. Civ. P. 42(a). Samsung moves to consolidate the above-captioned case with the -291 Action, which SiOnyx opposes, contending that the Court should handle the '682 Patent and the '737 Patent together in a coordinated and efficient manner in a single case. (Dkt. No. 10 at 1-2.) Samsung's Motion to Consolidate essentially repeats its arguments from its Motion to Stay. (*See* Dkt. No. 10.) SiOnyx filed a combined opposition to the Motion to Stay and Motion to Consolidate, arguing that Samsung relied on the same facts and

factors for both. As a result, SiOnyx's arguments against the Motion to Stay are the same arguments against the Motion to Consolidate. (Dkt. No. 11 at 1; Dkt. No. 12.)

Considering the Court's denial of Samsung's request to stay this case, the Court finds that no material efficiencies would be achieved by consolidating this action with the -291 Action. Further, it would be inherently inefficient for this Court to consolidate an active case with a stayed case. Accordingly, the Court denies Samsung's request to consolidate the above-captioned case with the -291 Action.

## V.      CONCLUSION

The Court finds that Samsung's Motion to Stay (Dkt. No. 9) should be and hereby is **DENIED**. The Court further finds that Samsung's Motion to Consolidate (Dkt. No. 10) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 30th day of August, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE